IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs June 13, 2001

## TIFFANY LAFONZO BETTS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Madison County**
**No. C-99-336    Joe C. Morris, Judge**

---

**No. W2000-02004-CCA-R3-PC  - Filed August 13, 2001**

---

The petitioner was originally convicted by a Madison County jury of second degree murder and unlawful possession of a weapon employed in committing the offense. He received an effective 20-year sentence. The petitioner subsequently sought post-conviction relief, which was denied. The petitioner appeals the denial of post-conviction relief based on ineffective assistance of counsel, alleging trial counsel failed to adequately discuss the state's plea offer prior to trial. We conclude that the post-conviction court correctly denied post-conviction relief.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOE G. RILEY, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., and CORNELIA A. CLARK, Sp. J., joined.

Ernest T. Brooks, II, Jackson, Tennessee, for the appellant, Tiffany Lafonzo Betts.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; James G. (Jerry) Woodall, District Attorney General; and Alfred L. Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On April 8, 1993, the petitioner shot and killed the victim with a sawed-off shotgun following an argument concerning an unpaid debt owed by the victim. Petitioner contended he shot the victim in self-defense. At petitioner's first trial on charges of first degree murder, the jury was unable to reach a verdict. On the day of the petitioner's second trial, the petitioner rejected the state's plea offer of six years for voluntary manslaughter. The petitioner proceeded to trial, and the jury convicted him of second degree murder and unlawful possession of a weapon employed in committing the offense. The petitioner subsequently received an effective sentence of 20 years. The convictions were affirmed on direct appeal. *See* State v. Tiffany Lafonzo Betts, C.C.A. No.

02C01-9709-CC-00337, 1999 WL 38267 (Tenn. Crim. App. filed January 29, 1999, at Jackson), *perm. to app. denied* (Tenn. 1999).


**POST-CONVICTION HEARING TESTIMONY**

The petitioner testified at the post-conviction hearing that he was offered a plea agreement immediately prior to his second trial, and trial counsel failed to thoroughly discuss the plea offer with him. Instead, petitioner testified that trial counsel "just told me what the offer was and advised that we was [sic] going to trial." More specifically, the petitioner stated that trial counsel informed him that the state's offer was six years, with no probation, for a plea to voluntary manslaughter. Petitioner contended trial counsel should have explained the offer in depth so he could understand the full ramifications of his decision.

The petitioner's trial counsel, Daniel J. Taylor, testified that immediately prior to jury selection, the state offered a plea agreement of six years probation in exchange for a plea of voluntary manslaughter. He then explained the offer to the petitioner, reminding the petitioner that he was charged with first degree murder and the penalty range he faced if convicted. Taylor informed the petitioner that if he took the plea offer, he would serve no additional time in jail on this charge. Taylor further stated that the defendant questioned him concerning the plea offer, expressed that he acted in self-defense, and rejected the offer, stating "I'm not going to plead to anything."


**POST-CONVICTION COURT'S FINDINGS**

The post-conviction court found that the petitioner was properly advised of the plea offer, understood the offer, and understood the possibility of receiving a life sentence for first degree murder if he went to trial. The court further found that petitioner chose to reject the state's offer. As to the conflicting testimony between the petitioner and his trial counsel, the post-conviction court "attribute[d] greater weight to the testimony of trial counsel." Accordingly, the post-conviction court denied relief.


**INEFFECTIVE ASSISTANCE OF COUNSEL**

This court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687, 104 S. Ct. at 2064; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Overton v. State, 874 S.W.2d 6, 11 (Tenn. 1994); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990).

## ANALYSIS

### A. Standard of Review

The trial judge's findings of fact on post-conviction hearings are conclusive on appeal unless the evidence preponderates otherwise. State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999). The trial court's findings of fact are afforded the weight of a jury verdict, and this court is bound by the trial court's findings unless the evidence in the record preponderates against those findings. Henley v. State, 960 S.W.2d 572, 578 (Tenn. 1997); Alley v. State, 958 S.W.2d 138, 147 (Tenn. Crim. App. 1997). Questions concerning the credibility of witnesses and the weight and value to be given to their testimony are resolved by the trial court, not this court. Burns, 6 S.W.3d at 461. The burden of establishing that the evidence preponderates otherwise is on petitioner. Henley, 960 S.W.2d at 579.

### B. Conclusion

In this case the post-conviction court concluded the petitioner rejected the plea offer after it was properly conveyed to him by trial counsel. The post-conviction court resolved the conflicting testimony in trial counsel's favor and against the petitioner. The trial court, not this court, determines issues of credibility. Burns, 6 S.W.3d 461. The evidence does not preponderate against the findings of the post-conviction court.

We, therefore, conclude that the petitioner has failed to demonstrate that he received ineffective assistance of counsel. Accordingly, the judgment of the post-conviction court is affirmed.

_____
JOE G. RILEY, JUDGE

-3-